IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RAPHAEL PHILPOT,<br><br>    Plaintiff,<br><br>v.<br><br>FRITO-LAY NORTH AMERICA, INC., FRITO-LAY, INC., PEPSICO, INC.<br><br>    Defendants. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Raphael Philpot ("Plaintiff" or "Mr. Philpot"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendants Frito Lay North America, Inc., Frito-Lay, Inc., and PepsiCo Inc. ("Defendants") for violations of his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et. seq. and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (hereinafter the "FLSA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 2000e-5(f), and 29 U.S.C. § 216(b).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

4.

Defendants conduct business in and are engaged in commerce in the State of Georgia and are subject to jurisdiction over the claims asserted herein. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## PARTIES

5.

Plaintiff is a Male citizen of the United States of America and is subject to the jurisdiction of this Court.

6.

At all times relevant, Defendants were qualified and licensed to do business in Georgia, and at all times material hereto have conducted business within this District.

7.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*, in that he had been employed with Defendants for more than 12 months and worked more than 1250 hours in the 12 months preceding his request for FMLA. During all times relevant hereto, Defendants have employed fifty or more employees, within a 75-mile radius of Plaintiff's employment, for the requisite requirements under the FMLA.

8.

Defendants may be served with process by delivering a copy of the summons and complaint to its Registered Agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, GA, 30046-4805, USA.

## **FACTUAL ALLEGATIONS**

9.

Plaintiff began working for Defendant on or about April 28, 2020. His last position was a Merchandiser.

10.

Mr. Philpot was an "employee" of Defendants, as that term has been defined by the FLSA, 29 U.S.C. § 201 et seq., 29 U.S.C. § 203(e).

11.

Throughout his employment with Defendants, Mr. Philpot was paid on an hourly basis, without overtime compensation for the hours he worked in excess of 40 in work weeks.

12.

Defendant is an "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

13.

While employed by Defendants, Mr. Philpot regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours he worked over 40 in workweeks.

14.

Throughout Mr. Philpot's employment with Defendants, Mr. Philpot's primary duties were non-exempt work, such as delivering merchandise to stores and monitoring product appearance and supply.

15.

On or around June 23, 2022, Mr. Philpot was approved for FMLA leave to care for his mother.

16.

Mr. Philpot's leave from June 23 through June 27, 2022, was covered under his approved FMLA leave.

17.

But Defendants did not cover Mr. Philpot's leave requests thereafter under his approved FMLA leave.

18.

On or around June 25 through June 29, 2022 Mr. Philpot was absent from work to care for his mother until his dad could return home.

19.

On or around September 4, 2022, Mr. Philpot informed his supervisor and FMLA representative that he needed the day off to care for his mother.

20.

Defendants later informed Mr. Philpot that they found an error with his timecard from September 4th through 7th and that he was suspended while Defendant investigated.

21.

Defendants stated that Mr. Philpot violated company policy.

22.

Mr. Philpot informed Defendants that he felt they were retaliating against him for requesting FMLA leave.

23.

On or around September 11, 2022, Mr. Philpot notified his manager that he would be absent from work to care for his mother.

24.

On or around September 27, Defendants held a meeting with Mr. Philpot stating that there was a time infringement and that he had violated company policy and was being suspended for three days pending their investigation.

25.

On or around September 30, Defendants notified Mr. Philpot that his suspension was being extended.

26.

On or around October 3, 2022, Mr. Philpot contacted Defendants asking when he could return to work because each day that passed without any income was bringing more stress to him and his chronically ill mother.

27.

Mr. Philpot also informed Defendants that he felt he did everything right under FMLA law and felt that Defendants were retaliating against him for taking time off to care for his mother.

28.

On or around October 3, Defendants terminated Mr. Philpot effective October 4, 2022.

29.

Although Defendants purport to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Defendants interfered with Plaintiff's rights under the Family and Medical Leave Act by terminating his employment for taking medical leave for his mother's serious health condition.

30.

Defendants retaliated against Plaintiff for requesting medical leave by terminating his employment as a result of needing FMLA leave.

31.

Others outside the Plaintiff's protected class, i.e. employees not needing and/or requesting FMLA leave, were treated differently.

## CLAIMS FOR RELIEF

## COUNT I: FMLA INTERFERENCE

32.

Plaintiff re-alleges paragraphs 9-31 as if set forth fully herein.

33.

Defendants are 'employers' as defined by the FMLA.

34.

Plaintiff was an eligible employee under the FMLA.

35.

Plaintiff worked at least 1250 hours for Defendants within the 12 months preceding his request for medical leave pursuant to the FMLA.

36.

Plaintiff was employed by Defendants for more than 12 months.

37.

Plaintiff was employed by Defendants at a worksite with 50 or more employees within 75 miles of that worksite.

38.

Because Plaintiff's mother was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

39.

Plaintiff's mother had a medical condition that required Plaintiff to take time off work.

40.

Plaintiff's mother had a serious medical condition as defined by the FMLA.

41.

Defendants received notice of Plaintiff's need for protected medical leave for his mother's medical condition on or about June 23, 2022.

42.

Defendants terminated Plaintiff's employment on October 3, 2022 even though he was qualified under the FMLA for such leave.

43.

Defendants terminated Plaintiff's employment as a result of his requests for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

44.

Defendants interfered with rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

45.

The effect of Defendants' actions have been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to him solely because of his right to leave under the FMLA.

46.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendants' violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

## COUNT II:  FMLA RETALIATION

47.

Plaintiff re-alleges paragraphs 9-31 as if set forth fully herein.

48.

Defendants are 'employers' as defined by the FMLA.

49.

Plaintiff was an eligible employee under the FMLA.

50.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA.

51.

Plaintiff was employed by Defendants for more than 12 months.

52.

Plaintiff was employed by Defendants at a worksite with 50 or more employees within 75 miles of that worksite.

53.

Because Plaintiff's mother was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

54.

Plaintiff's mother had a medical condition that required Plaintiff to take time off work.

55.

Plaintiff's mother had a serious medical condition as defined by the FMLA.

56.

Defendants received notice of Plaintiff's need for protected medical leave for his mother's medical condition on or about June 23, 2022.

57.

Defendants terminated Plaintiff's employment because of his request for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

58.

Defendants' termination of Plaintiff's employment was causally related to his attempt to exercise his rights to protected medical leave pursuant to the FMLA.

59.

Defendants' termination of Plaintiff's employment for alleged policy violations constitutes unlawful retaliation against Plaintiff for his attempt to exercise his rights to protected medical leave under the FMLA, in violation of 29 U.S.C. §2615(a).

60.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

# COUNT III: VIOLATION OF THE OVERTIME WAGE REQUIREMENT OF THE FAIR LABOR STANDARDS ACT

61.

Plaintiff repeats and re-alleges paragraphs 9-31 of this Complaint with the same force and effect as if set forth herein.

62.

Defendants have violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of 40 hours in given workweeks.

63.

Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' retaliation against Plaintiff was undertaken in bad faith.

64.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek.

65.

Defendants knew or had reason to know Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

66.

Defendants' actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

67.

Defendants knew or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

68.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(h) Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA;

(i) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA;

(j) Grant Plaintiff leave to add additional state law claims if necessary;

(k) Award Plaintiff such further and additional relief as may be just and appropriate;

(l) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights; and

(m) All other relief to which he may be entitled.

Respectfully submitted this 21st day of December 2022.

**BARRETT & FARAHANY**

s/ *Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153

Counsel for Plaintiff

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com